RECORD NO. 13-1735

In The

# United States Court of Appeals

### For The Fourth Circuit

## RELIABLE LIMOUSINE AND BUS SERVICE, LLC; RELIABLE BUS, LLC,

*Petitioners*,

**v.**

## WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION,

*Respondent.*

### ON PETITION FOR REVIEW FROM THE WASHINGTON METRO AREA TRANSIT COMMISSION

———————

### BRIEF OF PETITIONERS

———————

**Elyse L. Strickland**
**Maurice B. VerStandig**
**OFFIT KURMAN, PA**
**4800 Montgomery Lane, 9th Floor**
**Bethesda, Maryland 20814**
**(240) 507-1700**

*Counsel for Petitioners*

## I.    Corporate Disclosure Statement Pursuant to Federal Rule of Appellate Procedure 26.1

Pursuant to, and in conformity with, Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1, Reliable Limousine and Bus Service, LLC and Reliable Bus, LLC do each hereby certify that neither entity has a parent corporation and neither entity has stock owned, in an amount equal to or greater than ten percent, by any publicly held corporation. Additionally, Reliable Limousine and Bus Service, LLC and Reliable Bus, LLC do each hereby certify that no publicly held corporation, whether or not a party to the present litigation, has a direct financial interest in the outcome of the litigation by reason of a franchise, lease, other profit sharing agreement, insurance, or indemnity agreement.

## II.     Table of Contents

**Page**

I.     Corporate Disclosure Statement Pursuant to Federal Rule of Appellate Procedure 26.1 ................................................................................i

II.    Table of Contents................................................................. ii

III.   Table of Authorities..............................................................iv

IV.    Jurisdictional Statement..........................................................1

V.     Statement of the Issues Presented for Appeal ..................................3

VI.    Statement of the Case ...........................................................3

VII.   Statement of Facts...............................................................4

VIII.  Summary of Argument ...........................................................5

IX.    Argument .........................................................................7

    a.     Standard of Review ...........................................................7

        i.     The Findings of WMATC are Arbitrary and Capricious in Light of the Poorly Developed Record..................................8

        ii.    WMATC denial of the Petitioners' applications for certificates of authority to engage in irregular route operations is arbitrary and capricious inasmuch as the Petitioners meet all applicable criteria for licensure.................11

        iii.   WMATC erred in denying the Petitioners' applications for certificates of authority to engage in irregular route operations based upon a theory of guilt by association ...........15

X.      Conclusion ...................................................................................................17

Certificate of Compliance

Certificate of Filing and Service

### III.    Table of Authorities

**Page(s)**

**Cases**

*American Textile Mfr. Inst., Inc. v. Donovan*,
452 U.S. 490 (1981)...................................................................8

*Banks v. Chicago Grain Trimmers Ass'n.*,
390 U.S. 459 (1968)...................................................................9

*Bowen v. Georgetown Univ. Hosp.*,
488 U.S. 204 (1988)...................................................................15

*Electri-Flex Co. v. NLRB*,
570 F.2d 1327 (7th Cir. 1978) ................................................. 8-9

*Newport News Shipbuilding & Dry Dock Co. v. Justice*,
1997 U.S. App. LEXIS 28792 (4th Cir. 1997)...........................9

*Old Town Trolley Tours v. Washington Metro. Area Transit Comm'n*,
129 F.3d 201 (D.C. Cir. 1997)....................................................7

*Richmond Recording Corp. v. NLRB*,
836 F.2d 289 (7th Cir. 1987) .....................................................8

*Thomas Jefferson Univ. v. Shalala*,
512 U.S. 504 (1994)...................................................................15

*Trawick v. Drug Enforcement Admin.*,
861 F.2d 72 (4th Cir. 1988) .......................................................8

*Universal Camera Corp. v. NLRB*,
340 U.S. 474 (1951)....................................................................8

*Universal Interpretive Shuttle Corp. v.
Washington Metropolitan Area Transit Commission*,
393 U.S. 186 (1968)...................................................................15

*Zapata Haynie Corp. v. Barnard*,
    933 F.2d 256 (4th Cir. 1991) ...................................................................9

*Zbosnik v. Badger Coal Co.*,
    759 F.2d 1187 (4th Cir. 1985) .................................................................9

**Statute**

33 U.S.C. § 921(b)(3).....................................................................................9

**Rules**

Fed. R. App. P. 26.1 ........................................................................................i

Fed. R. App. P. 28(a)(4)..................................................................................1

4th Cir. L. R. 26.1 ...........................................................................................i

WMATC Rule 20-02 .......................................................................................3

WMATC Rule 54-07 .............................................................................12, 13

**Other Authorities**

2 K. Davis & R. Pierce, Administrative Law § 11.5 (3d ed. 1994)........................15

Pub. L. 101-505.................................................................................*passim*

Pub. L. 110-160................................................................................................1

Pub. L. 86-794, 74 § 1031............................................................................16

S. Rep. No. 1906, 86th Cong., 2d Sess. (1960) ........................................16

## IV.   Jurisdictional Statement

Pursuant to, and in conformity with, Federal Rule of Appellate Procedure 28(a)(4), Reliable Limousine and Bus Service, LLC and Reliable Bus, LLC (each sometimes being known as a "Petitioner," and collectively being known as the "Petitioners" or "Reliable"), state as follows:

a)    Pursuant to Section 2 of Article II of Title I of Public Law 101-505, as amended by Public Law 110-160 (Public Law 101-505, as amended, being known as the "Washington Metropolitan Area Transit Regulation Compact" or the "Compact"), the Washington Metropolitan Area Transit Commission ("WMATC"), "shall have jurisdiction coextensive with the Metropolitan District for the regulation of passenger transportation within the Metropolitan District on a coordinated basis, without regard to political boundaries within the Metropolitan District, as set forth in this Compact." Additionally, pursuant to Section 6(a) of Article XI of Title II of the Compact, "A person may not engage in transportation subject to this Act unless there is in force a 'Certificate of Authority' issued by the Commission authorizing the person to engage in that transportation."

Here, the Petitioners are persons wishing to engage in transportation subject to the Compact, who applied to WMATC for the issuance of certificates of authority to engage in irregular route operations.

1

b)      Pursuant to Section 5(a) of Article XIII of Title II of the Compact:

Any party to a proceeding under this Act may obtain a review of the Commission's order in the United States Court of Appeals for the Fourth Circuit, or in the United States Court of Appeals for the District of Columbia Circuit, by filing within 60 days after Commission determination of an application for reconsideration, a written petition praying that the order of the Commission be modified or set aside.

Moreover, pursuant to Section 5(c) of Article XIII of Title II of the Compact, "The Court shall have exclusive jurisdiction to affirm, modify, remand for reconsideration, or set aside the Commission's order."

Here, the Petitioner seeks review of an order of WMATC, having filed in this Honorable Court a petition praying the subject order be modified or set aside within sixty (60) days of the issuance, by WMATC, of an order denying reconsideration of the subject order.

c)      The order from which this appeal is taken (the "Order") was served on February 28, 2013. A motion for reconsideration of the Order was timely filed on March 29, 2013. Thereafter, on April 19, 2013, WMATC issued a separate order denying that motion for reconsideration. A petition for appeal was timely filed in this Honorable Court on June 6, 2013.

d)      The Order from which this appeal is taken is a final order denying the applications of Reliable for certificates of authority to engage in irregular route operations. By virtue of the filing of the aforementioned motion for

2

reconsideration, and the denial thereof, the Petitioners have fully exhausted the conditions precedent to the perfection of an appeal in this Honorable Court.

## V.    Statement of the Issues Presented for Appeal

The Petitioners respectfully submit for appeal to this Honorable Court the following issues:

a)    Are the findings of WMATC contrary to the record?

b)    Did the denial of the Petitioners' licensure, by WMATC, constitute reversible error because the Petitioners do possess all qualities requisite to licensure?

c)    Did WMATC exceed the scope of its legislatively-vested authority in considering certain matters as part of the licensure application review process?

## VI.    Statement of the Case

This matter emanates from the applications of the Petitioners, to WMATC, for certificates of authority to engage in irregular route operations. The applications were filed on August 13, 2012, and thereafter consolidated below, pursuant to WMATC Rule 20-02,[1] because the invoked common questions of the relative fitness of the Petitioners. Numerous documents were submitted in furtherance of the respective applications, though WMATC never conducted a

---

[1] As noted *infra*, WMATC has promulgated various rules of practice and procedure, which are herein referenced as the "WMATC Rules," with each sometimes being known as a "WMATC Rule."

hearing on the matter. Subsequently, on February 28, 2013, WMATC served a final order denying both applications. Pursuant to Section 5(a) of Article XIII of Title II of the Compact, the Petitioners filed with WMATC a motion for reconsideration, on March 29, 2013, which was denied by way of written order served on April 19, 2013. The Petitioners now appeal from the original order denying their applications for certificates of authority to engage in irregular route operations.

## VII.   Statement of Facts

On August 13, 2012, Reliable filed with WMATC two applications for certificates of authority to engage in irregular route operations. *Administrative Record* at 2-5, 417-420. Each such application was unopposed. *Administrative Record* at 394. WMATC did not conduct any formal proceedings or convene any hearings on either application, but on February 28, 2013 served an order denying each application. *Administrative Record* at 391. The order found the Petitioners' applications to be supported by evidence that "normally … would establish an applicant's fitness," but denied each such application on the sole theory that Reliable is undeserving of licensure because an officer of the Petitioners "has a history of controlling companies with regulatory violations." *Administrative Record* at 392. There is no material in the record demonstrating any history of any

4

officer or director of the Petitioners controlling any entity with any regulatory violations.

## VIII.  Summary of Argument

A governmental agency formed in the wake of World War II to consolidate administrative overlap, WMATC – through self-inked precedent and regulations – has evolved into a peculiar blend of rule-maker, judge, jury, and executioner. The matter *sub judice* highlights this inequitable mix of authority, as the Petitioners complied with every element of WMATC's governing rules in seeking transportation licensure, only to discover their applications were denied notwithstanding a complete absence of any opposition thereto.

The articulated reason for this denial is unsupported by the sparse record and is without basis even according to WMATC's own self-made rules.  When making reference to the record and all of the information and documentation submitted by the Petitioners, WMATC states in its order that "Normally, such evidence would establish an applicant's fitness…" *Administrative Record* at 392. WMATC declined to authorize a license, however, because the "applicants' president, Paul Rodberg, has a history of controlling companies with regulatory violations." *Administrative Record* at 392. Not only is Paul Rodberg's ("Mr. Rodberg") role in other companies wholly irrelevant to this matter, but the decision is accompanied

by a record completely devoid of any evidence whatsoever indicating that Mr. Rodberg has ever controlled any companies with any regulatory violations.

In the balance may be found the fate of the 115 persons who will be rendered unemployed if WMATC's ruling is not overturned, the very existence of two companies that will be extinguished based upon evidence with which they have never been presented (much less permitted to cross-examine), and the future of Mr. Rodberg, who has apparently now been enjoined from employment in the transportation industry without ever being so much as formally notified of his prohibition (again, much less permitted to refute any evidence).

Accordingly, the Petitioners instantly take issue with three interrelated aspects of WMATC's ruling below. First, the Petitioners argue – simply and classically – that an agency's administrative findings must be, in at least some demonstrable fashion, supported by the record. Second, it is contended that an objective review of the criteria for licensure promulgated by WMATC itself, in concert with an examination of the record herein, renders unambiguous that the Petitioners' applications should be granted. And, third, it is contended that WMATC fundamentally lacks the authority to forever enjoin an individual from the transportation business, as Congress, Maryland, Virginia and the District of Columbia have not ceded to it this right or power.

## IX.  Argument

### a.  Standard of Review

For each argument advanced herein, the applicable standard of review is that promulgated by the United States Court of Appeals for the District of Columbia in *Old Town Trolley Tours v. Washington Metro. Area Transit Comm'n*, 129 F.3d 201 (D.C. Cir. 1997). Specifically, that Court, in addressing a WMATC case on appeal:

> [D]ecided to adopt by reference the standards contained in U.S.C. § 706(2)(a)-(d), which provide that reviewing courts shall: (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law…

*Old Town Trolley Tours*, 129 F.3d at 204. As noted by that Court, "While the Compact may be treated as a federal law, it does not follow that the Commission is a federal agency governed by the Administrative Procedure Act," and "[t]he amended Compact provides for judicial review of Commission orders here or in the Court of Appeals for the Fourth Circuit, but it does not specify any standards of review." *Old Town Trolley Tours*, 129 F.3d at 204.

### i.     The Findings of WMATC are Arbitrary and Capricious in Light of the Poorly Developed Record

Among the odder aspects of this matter is that Reliable's applications for licensure were denied by WMATC notwithstanding the fact that each such application was unopposed. *Administrative Record* at 391. The absence of such opposition, coupled with the reality that no hearings were ever held in this matter, has produced a thin and inadequate record upon which WMATC – assuming a seemingly adversarial role – has made myriad of arbitrary and capricious findings and conclusions. Moreover, the same procedural oddities (namely the lack of any opposition and the failure of WMATC to hold an adversarial hearing) have created a situation such that the record in this matter, *vel non*, only became apparent on July 16, 2013, when the same was filed in this Court.

Fundamentally, to withstand scrutiny on appeal, an administrative agency's findings must be supported by a properly developed record. *See*, *e.g.*, *Trawick v. Drug Enforcement Admin.*, 861 F.2d 72, 77 (4th Cir. 1988) ("To be valid, the Administrator's findings of fact must be supported by substantial evidence in the record as a whole.") (citing *American Textile Mfr. Inst.*, *Inc. v. Donovan*, 452 U.S. 490, 522-23 (1981)); *Richmond Recording Corp. v. NLRB*, 836 F.2d 289, 292 (7th Cir. 1987) ("In order to be upheld, the NLRB's findings must be supported by substantial evidence on the record as a whole.") (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *Electri-Flex Co. v. NLRB*, 570 F.2d 1327, 1331

8

(7th Cir. 1978)); *Newport News Shipbuilding & Dry Dock Co. v. Justice*, 1997 U.S. App. LEXIS 28792, *4 (4th Cir. 1997) ("An administrative law judge's findings of fact must be affirmed if supported by substantial evidence in the record as a whole.") (citing 33 U.S.C. § 921(b)(3); *Banks v. Chicago Grain Trimmers Ass'n.*, 390 U.S. 459, 467 (1968); *Zapata Haynie Corp. v. Barnard*, 933 F.2d 256, 258 (4th Cir. 1991); *Zbosnik v. Badger Coal Co.*, 759 F.2d 1187, 1189 (4th Cir. 1985)). Moreover, the Compact specifically requires WMATC to create a record, which is to be transmitted upon appeal. *See*, *e.g.*, 101 P.L. 505 at Tit. I, Art. VIII, § 5(b) ("[T]he Commission shall certify and file with the court a transcript of the record upon which the Commission order was entered.")

Instantly, the Order of WMATC denying licensure to Reliable is rife with assertions and conclusions for which there is no support in the record. The Order presumptively instructs, "Commission records show that in 2011, Mr. Rodberg controlled Reliable Limousine Service, LLC, (RLSL), a Maryland limited liability company located at 11941 Tech Road, Silver Spring, Maryland, 20904." *Administrative Record* at 392. Yet such "Commission records" are nowhere present in the record transmitted in this case.

Similarly, the Order makes the overarching conclusion – with respect to the case presented by Reliable – that, "Normally, such evidence would establish an applicant's fitness, but applicants' president, Paul Rodberg, has a history of

controlling companies with regulatory violations." *Administrative Record* at 392. Again, however, there is not so much as a single document in the record that so much as hints at this global conclusion. To the contrary, the record in this case is a bare 465 pages, of which some 335 pages consist of nothing more than transportation receipts bearing occasional marginalia.

As noted *passim*, it appears to be the contention of WMATC that, 1) Reliable submitted two applications for which no opposition was ever presented; 2) Reliable meets all of the criteria for licensure promulgated by the rules of WMATC (as discussed at greater length *infra*); and 3) Reliable's applications should be denied solely because Reliable is associated with a single individual. Given the seemingly-strained nature of such a conclusion, even if relevant, it stands to reason that WMATC's evidence concerning Mr. Rodberg should be both overwhelming and dramatic. Yet the record reveals no such evidence, as the record is entirely devoid of any demonstrative showing of Mr. Rodberg's purported historic violations of WMATC regulations, moral unfitness, economic unfitness, or other caution-worthy personal traits. To the contrary, the Order and accompanying record, in a circuitously *ipso facto* manner, suggest only that Mr. Rodberg must be restrained from involvement in the transportation business because WMATC says Mr. Rodberg must be restrained from involvement in the transportation business.

**ii.     WMATC denial of the Petitioners' applications for certificates of authority to engage in irregular route operations is arbitrary and capricious inasmuch as the Petitioners meet all applicable criteria for licensure**

The record in this case, thin as it may, clearly establishes that Reliable meets the rigors for licensure as established by WMATC's own rules. Indeed, seven criteria guide decisions in cases such as this, with one such criterion having at least three elements, and it is clear – as demonstrated by the record and unrefuted by WMATC – that Reliable conforms with each such mandate. There accordingly exists no *bona fide* reason for licensure to have been denied in this case.

Pursuant to the Compact, WMATC has promulgated a series of rules governing the consideration of applications for licensure. *See*, *e.g.*, 101 Pub. L. 505 at Tit. II, Art. XIII, § 2(b) ("Rules of practice and procedure adopted by the Commission shall govern all hearings, investigations, and proceedings under this Act, but the Commission may apply the technical rules of evidence when appropriate."). Those rules (the "WMATC Rules," with each being known as a "WMATC Rule") provide, *inter alia*:

> The executive director shall have the authority to approve applications to obtain, transfer or expansively amend a WMATC certificate of authority that meet the following seven criteria: (a) the application concerns irregular route authority only; (b) the application is signed and complete; (c) any additional information requested of applicant has been furnished; (d) the applicant published notice in a newspaper of general circulation, if and as directed, and public notice was posted to the Commission's website; (e) no comments, requests for intervention or protests have been received; (f) the application raises

11

no common control or jurisdictional issues; and (g) the record contains no evidence tending to rebut the applicant's prima facie case.

Evidence tending to rebut a prima facie fitness showing shall include evidence of: insolvency, unfit safety rating from USDOT, prior WMATC revocation or denial of operating authority, and other transportation regulatory agency findings of unfitness. Such evidence shall not include an applicant's prior failure to satisfy the conditions of a grant of authority within the 180 days allowed by Regulation No. 66.

WMATC Rule 54-07.

Here, there is no question but that the Applications concern irregular route authority (*Administrative Record* at 2-5, 417-420) (the Applications themselves being for such authority), that the applications are signed and complete (*Administrative Record* at 2-5, 417-420) (the Applications being self-evident), that Reliable has furnished all requested information (*Administrative Record* at 17-18, 21-23, 25, 366-386, 422, 425-426, 428-430, 433-436, 438-441, 443-456, 460-463) (myriad of safety-related documents having been produced upon request, and numerous inquiries having been answered directly), that proper notice was posted in conformity with the Rules (*Administrative Record* at 19-20) (notice being set forth by WMATC itself), that the Applications are unopposed (*Administrative Record* at 391) ("Both applications are unopposed"), and that the Applications do not raise any issues of common control or jurisdiction (*Administrative Record*, by negative inference, such issues not being raised anywhere in the record). To whatever extent the Commission believed any such issue to exist, it is not so much

12

as mentioned in the Order, and a reasonable reading of the record does not raise any issues concerning these criteria.

The foregoing notwithstanding, the Commission appears to have based its Order on the final criterion, namely "the record contains … evidence tending to rebut the applicant's prima facie case." WMATC Rule 54-07. Specifically, it is asserted that Reliable's president's alleged history of noncompliance constitutes evidence tending to rebut the Applicants' prima facie case. *Administrative Record* at 392 ("Normally, such evidence would establish an applicant's fitness, but applicants' president, Paul Rodberg, has a history of controlling companies with regulatory violations."). Indeed, there is no contention – colorable, demonstrative, or otherwise – that Reliable itself has any history of non-compliance.

Critically, however, the WMATC Rules specifically set forth the grounds upon which a prima facie case may be rebutted, and an applicant having an officer or director with relation to a previous allegedly troubled entity is not one such ground. Indeed, as noted by Rule 54-07, the grounds upon which a prima facie showing may be rebutted include, "insolvency, unfit safety rating from USDOT, prior WMATC revocation or denial of operating authority, and other transportation regulatory agency findings of unfitness." WMATC Rule 54-07.

Here, though, there is no question as to the solvency of Reliable. Similarly, there is no suggestion or any evidence to support that Reliable has an unfit safety

13

rating, or that the operating authority of Reliable (as opposed to a separate and distinct entity) has ever been revoked or denied. Instead, the Order rests entirely upon the mere suggestion that Mr. Rodberg's connection to the Petitioners somehow constitutes a finding of "unfitness" and is alone fodder upon which to deny the unopposed applications. As discussed below, however, this cannot alone be said to be reason sufficient to deny the Applications, especially in light of the complete failure of the record to document the incidents giving rise to Mr. Rodberg's alleged unfitness, and the failure of WMATC to so much as hold an adversarial hearing in connection with this case (as noted more extensively *supra*).

WMATC – by virtue of its own rules – has created seven criteria upon which applications are to be assessed. Instantly, there is no question but that the Petitioners satisfy each and every such criterion. It accordingly constitutes reversible error for WMATC to deny the applications, basing the Order on an apparently ever-evolving non-codified theory of fitness, and this case warrants this Honorable Court exercising its powers under the Compact to modify the Order, or being remanded for further proceedings consistent with a mandate of this Honorable Court that the Applications be granted.

iii.    **WMATC erred in denying the Petitioners' applications for certificates of authority to engage in irregular route operations based upon a theory of guilt by association**

Even assuming, *arguendo*, that there exists a record sufficient to establish the purported ills of conducting business with Mr. Rodberg, the denial of a transportation carrier's licensure upon such sole and feeble grounds constitutes reversible error. WMATC, in essentially enjoining Mr. Rodberg from the transportation business, is acting as an injunction-wielding judicial body, relying on powers well outside the scope of its legally narrow boundaries.

At core, "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Moreover, as eloquently observed by Justice Thomas, "An agency whose powers are not limited either by meaningful statutory standards or . . . legislative rules poses a serious potential threat to liberty and to democracy." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 525 (1994) (Thomas, J., dissenting) (quoting 2 K. Davis & R. Pierce, Administrative Law § 11.5, p. 204 (3d ed. 1994)).

WMATC is a statutorily-limited body, created to reduce overlapping regulatory authority after World War II. *See*, *e.g.*, *Universal Interpretive Shuttle Corp. v. Washington Metropolitan Area Transit Commission*, 393 U.S. 186, 192 (1968) ("After World War II, metropolitan Washington had expanded rapidly into

15

Maryland and Virginia. The logistics of moving vast numbers of people on their daily round became increasingly complicated, and increasingly in need of coordinated supervision. Congress therefore gave its consent and approval through a joint resolution to an interstate compact which 'centralizes to a great degree in a single agency… the regulatory powers of private transit now shared by four regulatory agencies.' These four agencies were 'the public utility regulatory agencies of the States of Virginia, Maryland, and the District of Columbia and the Interstate Commerce Commission.'") (quoting S. Rep. No. 1906, 86th Cong., 2d Sess., 2 (1960); Pub. L. 86-794, 74 Stat. 1031).

Mr. Rodberg is not a transportation carrier, and his right to seek gainful employment is accordingly outside the appreciably limited purview of WMATC's jurisdiction. A simple director and officer of Reliable, Mr. Rodberg has not, in any way, subjected himself – or his private affairs – to the scrutiny of this agency.

Yet WMATC, by denying the Petitioners licensure on this basis alone, has essentially served to preclude Mr. Rodberg from any involvement in the regulated arena of irregular route transportation. Mr. Rodberg is not a party to these proceedings, is not personally applying for any licensure, and is little more than one of many persons charged with the faithful execution of a fiduciary duty to the Petitioners. Indeed, WMATC has itself noted that Reliable has some 115 employees. *Administrative Record* at 394.

WMATC has adopted an *ad hoc* policy of apparently denying licensure to any entity with which Mr. Rodberg may be affiliated, regardless of whether such licensure applications are otherwise in full conformity with applicable rules, or even whether there exists any opposition whatsoever to such applications. These actions are well outside the authority delegated to WMATC by Congress, Maryland, Virginia, and the District of Columbia.

Accordingly, that review is inherently more global in nature, as not merely the rulings of WMATC – but, indeed, the processes through which those rulings come about – must be scrutinized. Here, the process in question can hardly be said to conform with any number of due process norms, as the Petitioners were never afforded a hearing of any variety, were denied licensure notwithstanding a wholesale lack of opposition, and, most egregiously, were presented with an Order that turns on assertions completely unsupported by the administrative record. And the ruling in question is, too, infirm, serving to enjoin an individual – who is not even a party to these proceedings – from employment in the transportation industry, notwithstanding WMATC lacking the authority to enter such an order.

## X.    Conclusion

WHEREFORE, Reliable Limousine and Bus Service, LLC and Reliable Bus, LLC respectfully pray this Honorable Court reverse the holdings of the Washington Metropolitan Area Transit Commission; mandate the Washington

Metropolitan Area Transit Commission grant those applications for licensure at issue *sub judice*; in the alternative, remand this matter for further proceedings wherein a factual record may be developed; and afford such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Elyse Strickland
Elyse Strickland, Esq.
OFFIT KURMAN, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20814
Phone: (240) 507-1700
Fax: (240) 507-1735
estrickland@offitkurman.com
*Counsel for Petitioners*

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
OFFIT KURMAN, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20814
Phone: (240) 507-1700
Fax: (240) 507-1735
mverstandig@offitkurman.com
*Counsel for Petitioners*

**Certificate of Compliance**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

       [ X ] this brief contains [*3,953*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

       [     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

       [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

       [     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>August 6, 2013</u>              <u>/s/ Elyse Strickland              </u>
                                          *Counsel for Petitioners*

## Certificate of Filing and Service

I hereby certify that on this 6th day of August, 2013, I caused this Brief of Petitioners and Administrative Record to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Jeffrey M Lehman
William S. Morrow
WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION
8701 Georgia Avenue, Suite 808
Silver Spring, Maryland  20910
((301) 588-5260

*Counsel for Respondent*

I further certify that on this 6th day of August, 2013, I caused the required copies of the Brief of Petitioners and Administrative Record to be hand filed with the Clerk of the Court.

/s/ Elyse Strickland
*Counsel for Petitioners*